**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------x
STEPHEN MILLS,                                                Case No.:

                Plaintiff,

                                                   **VERIFIED COMPLAINT**

   -against-

AMTRUST FINANCIAL SERVICES, INC.,                **PLAINTIFF DEMANDS**
                                                          **A TRIAL BY JURY**

                Defendant.
------------------------------------------------------------------------x

       Plaintiff STEPHEN MILLS, by and through his attorneys, White & Hilferty, hereby complains of Defendant, upon information and belief as follows:

## NATURE OF THE CASE

1. Plaintiff brings this action alleging that Defendant violated the Family and Medical Leave Act of 1993 ("FMLA"), 29 U.S.C. § 2601, *et seq.*, the New York State Human Rights Law ("NYSHRL"), N.Y. Exec. Law § 290, *et seq.*, and the New York City Human Rights Law ("NYCHRL"), N.Y. Admin Code § 8-107, *et seq.,* and Plaintiff seeks damages to redress his emotional and financial losses, which were inflicted by Defendant's unlawful discriminatory and retaliatory practices in violation of federal, state, and local statutes.

## JURISDICTION & VENUE

2. Jurisdiction of this Court is proper under 42 U.S.C. § 2000, *et seq.*, and 28 U.S.C. §§ 1331 and 1343.

3. The Court has supplemental jurisdiction over Plaintiff's claims brought under state law pursuant to 28 U.S.C. § 1367.

4. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) as it is a judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

## PROCEDURAL REQUIREMENTS

5. On December 9, 2021, Plaintiff filed a Charge of Discrimination with the New York State Division of Human Rights ("NYSDHR").

6. Plaintiff's formal Charge of Discrimination filed with the NYSDHR asserted the same factual allegations that are asserted in this Verified Complaint.

7. On November 28, 2022, Plaintiff requested that the NYSDHR dismiss his case without prejudice so that he can pursue his claims in this Court.

8. On December 9, 2022, the NYSDHR issued a Determination and Order of Dismissal for Administrative Convenience.

9. Plaintiff timely and properly filed this suit after withdrawing his claims from the NYSDHR without prejudice.

10. Plaintiff now seeks to file this Verified Complaint with this Court.

## THE PARTIES

11. Plaintiff STEPHEN MILLS ("Plaintiff") was and is a resident of the State of New York, County of New York. Plaintiff is a parent, who requested parental leave to bond with his newborn child during his employment with Defendant.

12. Defendant AMTRUST FINANCIAL SERVICES, INC. ("Defendant") is an employer as defined by 29 U.S.C. § 2611, N.Y. Exec. Law § 292, and N.Y. Admin Code § 8-102. Defendant employs fifty (50) or more employees within seventy-five (75) miles of Plaintiff's place of employment. Defendant's business address is 59 Maiden Lane, New York, NY 10038.

13. At all times relevant, Defendant owned, operated, and/or maintained its place of business in the State of New York, County of New York.

## MATERIAL FACTS

14. In 2018, Defendant hired Plaintiff as Senior UX/UI Designer. Throughout his employment, Plaintiff performed his job duties in an exemplary manner. Plaintiff's experience coupled with his performance qualified him for a promotion.

15. On June 16, 2021, Defendant held an outing for the Marketing Team, which Plaintiff attended. During said outing, Senior Vice President of Global Marketing and Communications Hunter Hoffmann ("Hoffmann") discussed the termination of an employee and made a point to mention that the employee had multiple children insinuating that said termination of this employee was due to the employee's familial status.

16. On August 24, 2021, Plaintiff submitted a parental leave request to Unum (Defendant's benefits provider) in anticipation of the birth of his child in Fall 2021.

17. In August 2021, Director of Digital Platforms Andrew Davidson ("Davidson") resigned from his employment with Defendant. Upon Davidson's departure, Defendant required Plaintiff to take over all of Davidson's responsibilities and began serving the *de facto* role of Director of Digital Platforms. At this point, Defendant required Plaintiff to perform the responsibilities of two positions—his and Davidson's. Defendant did not afford Plaintiff an increase in compensation nor a promotion in title for the responsibilities he took upon.

18. On September 2, 2021, the Marketing Team held a meeting wherein Hoffmann commended Plaintiff for his work ethic and thanked him for being an asset to the company during the transitionary period following Davidson's departure. Having assumed a greater workload with Davidson's departure, Plaintiff expressed interest in being considered for the vacant position. In response, Hoffmann advised that Plaintiff absorbing Davidson's responsibilities was merely a formality and that Plaintiff would soon receive a promotion.

19. In addition to Hoffmann's comments, Assistant Vice President of Digital Services Adam Bartlett ("Bartlett"), who was Plaintiff's interim manager, and Assistant Vice President of Marketing AJ Jacobs ("Jacobs") also represented to Plaintiff that he would be promoted to Director of Digital Platforms. Said individuals advised Plaintiff not to request a salary increase or change in title at that time, but reassured Plaintiff that he would soon be promoted in the coming weeks and compensated accordingly.

20. Subsequently, Plaintiff relied upon the advice he was given and continued to work hard under the guise that he would soon be promoted.

21. Thereafter, Defendant required Plaintiff to undergo IT training and brought Plaintiff up to speed on Defendant's Content Management System components. Defendant provided Plaintiff this training to assume the role without any formal changes in title or compensation.

22. On September 14, 2021, Unum approved Plaintiff's request for parental leave from November 15, 2021, through January 3, 2022.

23. When Plaintiff informed Hoffmann that he would be taking paternity leave, Hoffmann dismissed his statement and discouraged Plaintiff by stating that paternity leave did not exist when he had his children.

24. On October 13, 2021, notwithstanding the praise Plaintiff received from Defendant's executives and the additional work he assumed in anticipation of a promotion, soon after learning that Plaintiff would soon become a parent and would take paternity leave upon the birth of his child, Defendant discriminated against and retaliated against Plaintiff by unlawfully terminating his employment on the pretextual basis that it eliminated the Director of Digital Marketing Role as well as Plaintiff's then-current role.

25. Upon information and belief, this role was not eliminated, and the duties performed by Plaintiff continued to be performed by an individual or individuals who replaced him.

26. On October 22, 2021, Plaintiff learned that Defendant sought to hire someone for Director of Digital Marketing, the role that Plaintiff had assumed since mid-August and which he was assured by multiple managing executives would be his, indicating Defendant's discriminatory and retaliatory animus.

27. Based on the foregoing, Defendant unlawfully discriminated and retaliated against Plaintiff based upon his familial status and request for leave to bond with his newborn child. After Plaintiff engaged in protected activity by requesting parental leave, Defendant unlawfully retaliated against him by terminating his employment on the pretextual basis that it eliminated his role and the role for which he was promised a promotion. However, shortly after terminating Plaintiff's employment, Defendant advertised the two positions on Linked-In.

28. Defendant subjected Plaintiff to disparate treatment in the terms and conditions of his employment as compared to similarly situated employees who were not parents and/or did not engage in protected activity by requesting parental leave. Defendant's actions substantially interfered with Plaintiff's employment.

29. As a result of Defendant's unlawful discriminatory and retaliatory practices, Plaintiff has suffered and continues to suffer significant financial ramifications, humiliation, outrage, and mental anguish.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION AND RETALIATION AGAINST DEFENDANT UNDER THE FAMILY AND MEDICAL LEAVE ACT OF 1993

30. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

31. Defendant's actions against Plaintiff concerned one of the activities protected by the FMLA, 29 U.S.C. § 2601, *et seq*.

32. § 2615(a)(1) of the FMLA states: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter."

33. Plaintiff exercised his rights pursuant to the FMLA by requesting parental leave to bond with his newborn child.

34. Plaintiff possessed proper qualifications for Defendant to continue his employment as evidenced by Defendant's requirement that he assume the role of Digital Marketing Director in additional to his role as Senior UX/UI Designer, the feedback Plaintiff received from management executives regarding Plaintiff being "an asset to the company," and the promises made to Plaintiff by management executives that Plaintiff would be officially promoted to Digital Marketing Director.

35. Defendant and/or its agents engaged in an unlawful practice and intended to retaliate against Plaintiff by terminating Plaintiff's employment shortly after he requested parental leave to bond with his newborn child. Defendant and/or its agents exhibited a discriminatory and retaliatory animus against employees who are parents when Hoffmann discussed the termination of an employee and made it a point to mention that said employee had multiple children.

36. Defendant unlawfully "interfere[d] with" and "restrained" Plaintiff's FMLA rights by terminating his employment shortly after he exercised said rights.

37. As a direct and proximate result of Defendant's unlawful conduct in violation of FMLA, 29 U.S.C. § 2601, *et seq.*, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

38. As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the FMLA, 29 U.S.C. § 2601, *et seq.*, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including but not limited to humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

### AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION AGAINST DEFENDANT UNDER THE NEW YORK STATE HUMAN RIGHTS LAW

39. Plaintiff repeats and realleges each and every paragraph above as if said paragraphs were more fully set forth herein at length.

40. Plaintiff is a member of a protected class pursuant to New York Executive Law § 296, namely, Plaintiff is a parent who requested parental leave during his employment with Defendant.

41. Defendant and/or its agents intended to discriminate against Plaintiff on the basis of his familial status.

42. Defendant's discrimination against Plaintiff concerned activities protected by New York Executive Law § 296.

43. The New York State Human Rights Law, N.Y. Exec. Law § 296 provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of an individual's age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, familial status, marital status, or domestic violence victim status, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment."

44. Plaintiff possessed proper qualifications for Defendant to continue his employment as evidenced by Defendant's requirement that he assume the role of Digital Marketing Director in additional to his role as Senior UX/UI Designer, the feedback Plaintiff received from management executives regarding Plaintiff being "an asset to the company," and the promises made to Plaintiff by management executives that Plaintiff would be officially promoted to Digital Marketing Director.

45. Defendant and/or its agents engaged in an unlawful practice by discriminating against Plaintiff because of familial status. Specifically, Defendant required Plaintiff to perform the responsibilities of two positions under the guise that he would be promoted to Digital Marketing Director. Shortly after Plaintiff submitted a request and was approved for parental leave, Defendant unlawfully terminated Plaintiff's employment on the pretextual basis that it eliminated the roles of Senior UX/UI Designer and Digital Marketing Director. However, after terminating Plaintiff's employment, Defendant advertised the Digital Marketing Director position on various platforms.

46. As a direct and proximate result of Defendant's unlawful conduct in violation of New York Executive Law § 296, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

47. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Exec. Law §296, Plaintiff has suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which she is entitled to an award of monetary damages and other relief.

### AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION AGAINST DEFENDANT UNDER THE NEW YORK CITY HUMAN RIGHTS LAW

48. Plaintiff repeats, reiterates, and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

49. Plaintiff is a member of a protected class pursuant to New York City Human Rights Law, N.Y. Admin. Code § 8-107, namely, Plaintiff is a parent who requested parental leave during his employment with Defendant.

50. Defendant and/or its agents intended to discriminate against Plaintiff on the basis of his familial status.

51. Defendant's discrimination against Plaintiff concerned activities protected by N.Y. Admin. Code § 8-107.

52. The New York City Human Rights Law, N.Y. Admin Code § 8-107 provides, in pertinent part: "It shall be an unlawful discriminatory practice: (a) For an employer or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, partnership status, caregiver status, sexual orientation, uniformed service or alienage or citizenship status of any person: (i) To represent that any employment or position is not available when in fact it is available; (ii) To refuse to hire or employ or to bar or to discharge from employment such person; or (iii) To discriminate against such person in compensation or in terms, conditions, or privileges of employment."

53. Plaintiff possessed proper qualifications for Defendant to continue his employment as evidenced by Defendant's requirement that he assume the role of Digital Marketing Director in additional to his role as Senior UX/UI Designer, the feedback Plaintiff received from management executives regarding Plaintiff being "an asset to the company," and the promises made to Plaintiff by management executives that Plaintiff would be officially promoted to Digital Marketing Director.

54. Defendant and/or its agents engaged in an unlawful practice by discriminating against Plaintiff because of his familial status. Specifically, Defendant required Plaintiff to perform the responsibilities of two positions under the guise that he would be promoted to Digital Marketing Director. Shortly after, Plaintiff submitted a request and was approved for parental leave, Defendant unlawfully terminated Plaintiff's employment on the pretextual basis that it eliminated the roles of Senior UX/UI Designer and Digital Marketing Director. However, after terminating Plaintiff's employment, Defendant advertised the Digital Marketing Director position on various platforms.

55. As a direct and proximate result of Defendant's unlawful conduct in violation of New York N.Y. Admin. Code § 8-107, Plaintiff has suffered and continues to suffer monetary and/or economic damages, including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

56. As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of N.Y. Admin Code § 8-107, Plaintiff suffered and continues to suffer mental anguish and emotional distress, including, but not limited to, humiliation, embarrassment, stress and anxiety, loss of self-esteem and self-confidence, emotional pain and suffering, for which he is entitled to an award of monetary damages and other relief.

**WHEREFORE**, Plaintiff respectfully requests a judgment against Defendant:

A. Declaring that Defendant engaged in unlawful employment practices prohibited by the FMLA, 29 U.S.C. § 2601, *et seq.*, the NYSHRL, N.Y. Exec. Law § 290, *et seq.*, and the NYCHRL, N.Y. Admin Code § 8-107, *et seq.,* by discriminating against Plaintiff on the basis of his familial status and request for parental leave;

B. Awarding damages to Plaintiff, resulting from Defendant's unlawful termination of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for lost wages, mental, emotional, and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive and liquidated damages;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of the action;

F.      Awarding Plaintiff such other and further relief as the Court may deem equitable, just, and proper to remedy the Defendant's unlawful employment practices.

Dated: March 14, 2023
       New York, New York

Respectfully submitted,

**WHITE & HILFERTY**

*/s/Samantha E. Hudler*
Samantha E. Hudler
*Attorneys for Plaintiff*
757 Third Avenue, 20th Floor
New York, New York 10017
(917) 565-8763

**THE ROSE LAW GROUP, PLLC**

*/s/Jesse Rose*
Jesse Rose
*Attorneys for Plaintiff*
3272 Steinway Street, Suite 503
Astoria, New York 11103
(718) 989-1864

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------------X
STEPHEN MILLS,

                                                                   **VERIFICATION**

                Plaintiff,

      -against-

AMTRUST FINANCIAL SERVICES, INC.,

                Defendant.
-------------------------------------------------------------------X

      STEPHEN MILLS, pursuant to the provisions of 28 U.S.C. 1746, declares the following under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff herein.

2. I have read the foregoing Complaint and know the content thereof, that the same is of my own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, I believe the same to be true.

Executed:    New York, New York
                   March 14, 2023

                                                                _____
                                                                       Stephen Mills, Plaintiff