

**White & Hilferty**
Employment Attorneys

**Samantha E. Hudler,** *Associate*
Hudler@NYCJobAttorney.com
Direct: 917 565 8763

June 1, 2023

**<u>Via ECF</u>**
The Honorable Paul G. Gardephe
Unite States District Court, Southern District of New York
Federal Building and United States Courthouse
40 Foley Square, Room 2204
New York, NY 10007

  **Re:** *Stephen Mills v. AmTrust Financial Services, Inc.*
     **Case No.: 23-cv-02299**

Dear Judge Gardephe,

  This firm represents Plaintiff Stephen Mills ("Plaintiff") in connection with the above-referenced case. We write in response to Defendant's letter dated May 30, 2023, requesting a pre-motion conference in connection with its anticipated motion to partially dismiss Plaintiff's Complaint. Defendant's anticipated partial motion to dismiss is baseless and would be a waste of judicial resources. Even if permitted to proceed, discovery should be continued rather than be unnecessarily delayed due to the motion.

  I. **<u>BACKGROUND</u>**

  Defendant discriminated against Plaintiff based upon his familial status and/or caregiver status in violation of the New York Human Rights Law ("NYSHRL") and New York City Human Rights Law ("NYCHRL") and retaliated against him following his engagement in protected activity when he requested parental leave, in violation of the Family Medical Leave Act ("FMLA").

  With respect to Plaintiff's familial status and/or caregiver status discrimination claims, Defendant denied Plaintiff a promotion and terminated his employment after Plaintiff disclosed that he was expecting a child and would take paternity leave upon the birth of said child. (Complaint ("Compl."), ECF Dkt No. 1, at ¶ 25.

As set forth below, Plaintiff adequately pled NYSHRL and NYCHRL discrimination claims and therefore, Defendant's request for a pre-motion conference and intended motion to dismiss should be denied.

## II. **PLAINTIFF ALLEGED A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER NYSHRL**

At the pleading stage, a plaintiff is not required to prove discrimination or even allege facts establishing every element of a *prima facie* case. *Littlejohn v. City of NY*, 795 F.3d 297, 311 (2d Cir. 2015). Rather, "a plaintiff need only give plausible support to a minimal inference of discriminatory motivation." *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (citing *Littlejohn*, 795 F.3d at 311).

Under NYSHRL, it is unlawful "for an employer to discriminate because of an individual's…familial status…" N.Y. Human Rights Law § 296.1. NYSHRL defines "familial status" as "any person who is pregnant or has a child…" *Id.*, at § 292.26. The New York State Division of Human Rights issued guidance for New York State employers explaining, in relevant part, "[f]amilial status discrimination occurs when employment decisions are based on familial status, which would include, but not limited to, making an employment decision…based on belief that someone with children will not be a reliable employee…because of any other stereotyped belief or opinion about parents or guardians of children under the age of 18."[1]

State and federal courts in New York have recognized associational discrimination claims under the NYSHRL. *Canales v. ACP Facility Servs., Inc.*, 2019 WL 1171479, at *4 (E.D.N.Y. Mar. 13, 2019) (finding that the plaintiff could assert an associational discrimination claim under NYSHRL and rejecting the defendant's argument that NYSHRL only prohibits discrimination against individuals who are themselves a member of a protected class) (citing *Venezia v. Luxoticca Retail North America, Inc.*, 2015 WL 5692146, at *4 (S.D.N.Y. Sept. 28, 2015); *Chiara v. Town of New Castle*, 2 N.Y.S. 3d 132, 140 (App. Div. 2d Dep't 2015); *Simmons v. Woodycrest Ctr. For Human Development, Inc.*, 2011 WL 855942, at *3 (S.D.N.Y. March 9, 2011).

---

[1] New York State Division of Human Rights, *Guidance on Familial Status Discrimination for Employers in New York State,* https://dhr.ny.gov/system/files/documents/2022/05/guidance-familial-status-employers.pdf (2022).

In the instant case, Plaintiff alleges that he was discriminated against based upon his association with his pregnant wife and his anticipated membership in the protected class. Accordingly, Plaintiff established membership in a protected class based upon his familial status due to his association with his pregnant wife and expected child. Specifically, Plaintiff plausibly alleged that he submitted a parental leave request in anticipation of the birth of his child in Fall 2021 and that shortly after disclosing that he and his wife were expecting a child and submitting said parental leave request, Defendant discriminated against him by denying him a promised promotional opportunity and unlawfully terminating his employment on the pretextual basis that it eliminated his role. (Compl., at ¶¶ 16-28). Plaintiff also plausibly alleged that, on multiple occasions, Senior Vice President of Global Marketing and Communications Hunter Hoffman ("Hoffman") made discriminatory comments about employees who had children and utilized parental leave. (*Id.*, at ¶¶ 15, 23).

As such, Plaintiff plausibly alleged that Defendant's actions were due to a discriminatory motivation based upon Plaintiff's familial status. *See Vega*, 801 F.3d 72, 84 (2d Cir. 2015) (citing *Littlejohn*, 795 F.3d at 311).

### III. **PLAINTIFF ALLEGED A PLAUSIBLE CLAIM OF DISCRIMINATION UNDER NYCHRL**

Under the NYCHRL, it is unlawful for an employer to discriminate against an employee because of said employee's "actual or perceived…caregiver status." N.Y. Admin. Code § 8-107(1)(a). In the instant case, for the same reasons outlined above, Plaintiff plausibly alleged that he was discriminated against based upon his anticipated membership in a protected class—familial status and/or caregiver status. Certainly, he was perceived to be a caregiver given his request for time off to fulfill those responsibilities for his wife and soon-to-be-born child.

In light of the foregoing, this Court should deny Defendant's request for a pre-motion conference in connection with its anticipated motion to dismiss Plaintiff's NYSHRL and NYCHRL claims. Even if the Defendant is permitted to make its motion, there is no basis to stay discovery as Plaintiff's claims under the Family Medical Leave Act, which Defendant does not intend to move to dismiss, would evoke the identical information and questions in discovery. *Brooks v. Macy's, Inc.*, 2010 U.S. Dist. LEXIS 135415, 2010 WL 5297756, at *1 (S.D.N.Y. Dec. 21, 2010) (discovery is only automatically

stayed in cases covered by the Private Securities Litigation Reform Act), *reh'g denied*, 2011 U.S. Dist. LEXIS 38585, 2011 WL 1362191 (S.D.N.Y. Apr. 8, 2011). Given that the Defendant has not requested that discovery be stayed, discovery should continue during the motion's pendency.

We appreciate the Court's attention and consideration.

Respectfully submitted,

Samantha E. Hudler

**The Rose Law Group PLLC**

_____/s/Jesse C. Rose_____
Jesse C. Rose
*Attorneys for Plaintiff*
3272 Steinway Street; Suite 503
Astoria, New York 11103
Tel.: (718) 989-1864

cc:   Counsel of Record (via ECF)